UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID W HAYDEN, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-01912-JMS-MJD |
| ) | |
| M. BOLT R.N., D. BUCKMASTER R.N., ) | |
| WILLIAM SMITH R.N., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

On November 19, 2014, plaintiff David W. Hayden Jr., an inmate at the New Castle Correctional Facility ("New Castle"), filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs because they were responsible for "ongoing inconsistent, mishandling, and misappropriation of prescription medication" prescribed for his migraines and heart condition. The defendants, Miranda Bolt, Deanna Buckmaster, and William Smith, move for summary judgment arguing that Mr. Hayden failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

1

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

A. *Undisputed Facts*

At all times relevant to his Complaint, Mr. Hayden was confined by the Indiana Department of Correction ("IDOC") at New Castle. The IDOC has an Offender Grievance Process which is intended to permit inmates of the IDOC to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in Court. As an inmate at New Castle, Mr. Hayden had access to the Offender Grievance Process. All offenders are made aware of the Offender Grievance Process during orientation and a copy of the Grievance Process is available in various locations within the prisons, including the law library.

The Grievance Process consists of three steps. The first step requires the inmate to contact staff to discuss the matter or incident subject to the grievance and seek informal resolution of his complaint. If the offender is unable to obtain a resolution of the grievance informally through officials at the facility, he or she may file a Level I Offender Grievance. This includes the

submission of a Level I Grievance form to the Executive Assistant of the facility or designee. The Executive Assistant or designee has 15 working days from the date that the grievance is received to complete an investigation and provide a response to an offender, unless the time has been extended. If the offender does not receive a grievance response within the time frame noted, then their appeal is due by the 25th day after the grievance was submitted. Once a Level I Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the offender, the offender may appeal the facility's decision by submitting a Level II Grievance Appeal. The Department of Corrections' Offender Grievance Manager reviews the inmate's appeal and submits a response. The Offender Grievance Process is not complete until the inmate receives a response to his or her appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

Mr. Hayden's claim in this action is that the defendants were deliberately indifferent to his serious medical needs while he was incarcerated at New Castle by depriving him of regular, consistent prescription medications. Mr. Hayden filed two Level I formal grievances regarding his medical care at New Castle.

On March 14, 2014, Mr. Hayden filed Level I Grievance 81335, alleging that his pacemaker needed to be checked for recalibration. In the response to Mr. Hayden's formal grievance, the executive assistant stated that Mr. Hayden's concern regarding his pacemaker's recalibration had been addressed. Mr. Hayden was informed that he had the right to appeal. Mr. Hayden did not appeal this Grievance.

On March 17, 2014, Mr. Hayden filed Level I Grievance 81336, complaining that the timing of his medications was different on the week-ends than on a week-day. He requested

3

"consistency with med pass seven days a week." In the Level I response, the executive assistant stated that Mr. Hayden's grievance had been investigated and that medications were passed in both the morning and evening on week-ends and within the allowable time frames. Mr. Hayden was informed that he had the right to appeal. Mr. Hayden did not appeal this Grievance.

Mr. Hayden did not pursue either of the above Level I grievances through the Level II appeal process. He did not file any other grievances pertaining to the causes of action alleged in his complaint. Mr. Hayden did not complete the grievance process in order to exhaust his administrative remedies for any of the circumstances at issue in this lawsuit.

B. *Exhaustion*

The defendants argue that Mr. Hayden failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject

4

to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

C. *Discussion*

The defendants have shown that Mr. Hayden failed to avail himself of all administrative remedies before filing this civil action. Mr. Hayden does not dispute this. Instead, Mr. Hayden states that his failure to complete the grievance process should be excused because he contacted Nurse Miranda Bolt personally so that she could resolve the problem. Later he filed numerous requests for healthcare concerning his prescriptions. In addition, he states that he filed a written complaint regarding his medication with Corizon in July 2014. He also submitted an initial informal grievance regarding his medication issues. When Mr. Hayden was not satisfied with the results of these actions he filed this civil action. He states without any evidence in support that the filing of this action was an emergency measure.

But exhaustion of administrative remedies is mandatory and not subject to futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741. In addition, the Health Care Request forms, oral and written complaints allegedly submitted by Mr. Hayden are not grievance forms and they are not a substitute for the Offender Grievance Process. It is therefore undisputed that Mr. Hayden failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Hayden action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without

prejudice."). The dismissal of this action dictates that the motion for injunctive relief [dkt. 28] must be **denied as moot**.

### Conclusion

The defendants' motion for summary judgment [dkt. 25] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/17/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID WAYNE HAYDEN, JR
962384
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel